ALEXANDER CUTHBERTSON, AN INFANT, ETC., ET AL., PLAINTIFFS-RESPONDENTS, v. MARATHON BUS COMPANY AND BENJAMIN SAMUEL, DEFENDANTS-APPELLANTS.

Submitted February 17, 1933—Decided April 27, 1933.

For the defendants-appellants, *Arthur T. Vanderbilt.*

For the plaintiffs-respondents, *McCarter & English* and *Gerald McLaughlin.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up for review five judgments of the Supreme Court, entered on *postea,* after trial together of five cases at the Union Circuit with a jury.

The points argued refer entirely to alleged errors in the charge, so that extended statement of the facts is not necessary. The plaintiffs were occupants of an automobile which was standing facing south upon its right side of a public highway, and on the shoulder thereof; the Marathon Bus Company's bus, operated by another defendant, Benjamin Samuel, was proceeding northerly on the same highway on its right side of the road; an automobile driven by the third defendant, George Bayer, was proceeding in a southerly direction on said road. Bayer turned to his left across the road to enter Seidler's Beach and across the path of the bus, in consequence of which turning the bus driver turned to his left, but the bus collided with Bayer's car and then proceeded over to the far left side of the road and collided with the car in which the plaintiffs were seated. Verdicts were returned in

favor of the plaintiffs and against the three defendants. Marathon Bus Company and Benjamin Samuel appeal, and argue three grounds of appeal.

These grounds of appeal present the failure of the trial judge to charge appellant's requests Nos. 2, 3 and 9.

Request No. 2 is:

"The law never presumes negligence, in fact there is a presumption against negligence, it is therefore a fact which must be proved and I charge you that if the plaintiffs fail to satisfy you by fair preponderance of all the evidence in the case that the defendants Samuel and Marathon Bus Company were negligent, and that their negligence was the proximate cause of their injuries then your verdict must be in favor of the defendants Samuel and Marathon Bus Co."

Request No. 3 is:

"The mere happening of an accident is no evidence of negligence."

The trial judge charged the jury:

"That the happening of the accident, regrettable as that may be, and its resultant damage, serious or otherwise, as that may be, are not of themselves sufficient to justify a recovery in a case of this kind.

"Before these plaintiffs can recover either as against one or all of these defendants, the burden is placed upon the plaintiffs to prove not only that an accident occurred and that as a result of that accident they sustained injuries, but they have the burden of proving to your satisfaction by a fair preponderance of the evidence that the accident was caused by the negligent act of this party against whom recovery was sought, and they have the burden of proving that by a fair preponderance of the evidence.

"* * * the law requires that a person in the exercise of his equal right to use the highways is called upon in the use which he puts them to to so use them as a reasonable, prudent person would do under the circumstances which confront him at that particular time; and so the drivers of these cars on the day in question under the conditions which confronted each at that time were each called upon to exercise that degree

of care that a reasonable, prudent person would under those conditions.

"Now, if they did that, that is all that the law requires of them, because, of course, they were not insurers of the safety of others upon the highway. They were only called upon to use that degree of care which the law requires; and if they used that, and after having used that, an accident occurred, there could be no responsibility * * *."

He further said:

"Negligence has been said to be the doing of something which a person should not do, or the failure to do something which a person should do, the doing of which on the one hand or the failure to do on the other is the proximate cause of the happening of a collision of this kind * * *."

The learned trial judge further charged the jury fully and accurately upon all of the questions involved in the case, to none of which was exception taken. A reading of the charge convinces us that the court substantially charged the requests submitted.

The next point is that the trial court erred in his refusal to charge the language of the ninth request:

"If you find as a fact, that the accident was unavoidable on the part of the defendant Samuel and therefore his principal Marathon Bus Company, then I charge you that your verdict must be in favor of the defendants Samuel and Marathon Bus Company."

The court charged as hereinabove noted, and, in addition, charged several of appellants' requests to the effect that if Samuel, by the negligence of Bayer, was placed in a position where he was compelled to make a choice, and made a mistake, but made such a choice as a person of ordinary prudence placed in such position would make, making a wrong choice of action would not be negligence, and in such case the verdict must be for appellants. He further said:

"Where a driver of an automobile upon a highway, without fault on his part, is placed in a position of imminent peril by another vehicle, the law will not hold him guilty of negligence if he does not select the very wisest course, and an

honest mistake of judgment in such an emergency will not of itself constitute negligence, although another course might have been better. All that is required of a person in such an emergency is to act with ordinary care under the circumstances."

It appears, therefore, that the trial judge charged as fully as appellants were entitled to have charged upon that phase of the case.

In addition, the request as framed was properly refused, because it omitted an essential ingredient, namely, that appellants' immunity from liability would arise only if the collision was unavoidable in the exercise of due care by Samuel. Obviously, if the collision was rendered unavoidable by the negligence of Samuel, appellants would be liable for such negligence.

We find no harmful error in the respects argued as grounds for reversal.

The judgments under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.